# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT A. MARCHESE,

                Plaintiff,

v.

DR. KUBER,

                Defendant.

Case No. 21-CV-1379-JPS

**ORDER**

      Plaintiff Robert A. Marchese, an inmate confined at Racine Correctional Institution ("RCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendant violated his Eighth Amendment rights. ECF No. 1. Plaintiff partially paid the filing fee on December 3, 2021, and he paid the balance of the filing fee on December 14, 2021. This Order screens Plaintiff's complaint.

**1.    FEDERAL SCREENING STANDARD**

      Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

      In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th

Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2.  **PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that he had severe back pain as a result of a motor vehicle accident. ECF No. 1. at 2. While at Dodge Correctional Institution, he was given an extra pillow and a topical muscle rub, but he did not receive a medical exam for seven weeks. *Id.* Upon transferring to RCI, he promptly submitted a health services request to have his back examined. *Id.* A nurse saw him but only gave him more topical cream. *Id.* at 3. Plaintiff submitted many more health services requests stating that the topical cream had little to no effect. *Id.* Plaintiff requested an MRI but got only an x-ray

instead. *Id.* Plaintiff has been at RCI for one year and ten months and has never received a hands-on exam for his back. *Id.*

Defendant Dr. Kuber was responsible for all orders concerning Plaintiff's medical treatment. *Id.* Plaintiff alleges that Dr. Kuber's failure to treat his back pain constitutes deliberate indifference to a serious medical need. *Id.* As a result of a lack of treatment, Plaintiff's back pain is so bad that it is difficult to walk. *Id.* Plaintiff further believes that his lack of treatment has caused a permanent back injury. *Id.* at 4.

3.   ANALYSIS

Plaintiff may proceed on an Eighth Amendment deliberate-indifference claim against Dr. Kuber for his or her indifference to Plaintiff's serious medical need. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)).

Plaintiff's allegations that he has suffered serious pain for months and permanent back injury as a result of Dr. Kuber's lack of care sufficiently states an Eighth Amendment deliberate indifference claim at the pleading stage.

4.  **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment deliberate indifference to a serious medical need against Dr. Kuber.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendant should take note that, within forty-five (45) days of service of this Order, Defendant is to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendant Dr. Kuber;

**IT IS FURTHER ORDERED** that under the informal service agreement, Defendant shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendant raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendant contemplates a motion to dismiss, the parties must meet and confer before the motion is filed.

Defendant should take care to explain the reasons why he/she intends to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendant files a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 31st day of August, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.